IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

OLD DOMINION MOTORS, INC., *et al.*,  )
               Plaintiffs,  )
                         )
v.  )    Civil Action No. 3:18-CV-617–HEH
                         )
COMMERCIAL READY MIX  )
PRODUCTS, INC.,  )
               Defendant.  )

## MEMORANDUM OPINION
(Denying Defendant's Motion to Dismiss)

THIS MATTER is before the Court on Defendant Commercial Ready Mix Products, Inc.'s ("Defendant") Partial Motion to Dismiss (ECF No. 3), filed on September 11, 2018. On October 29, 2018, Plaintiffs Old Dominion Motors, Inc. ("Old Dominion") and Yeattes Brothers Rentals, LLC ("Yeattes Brothers") (collectively "Plaintiffs") filed a Motion for Extension of Time to File Response/Reply (ECF No. 8). Thereafter, the Court granted the Motion and permitted Plaintiffs until November 2, 2018 to file a response (ECF No. 10). Plaintiffs, however, did not file their response in accordance with the Order. Accordingly, the Court has exclusively reviewed Defendant's Partial Motion to Dismiss for disposition.[1]

The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not

---

[1] Because Plaintiffs did not file a timely response, the Court did not consider Defendant's Reply (ECF No. 13), filed on November 8, 2018.

aid in the decisional process. *See* E.D. Va. Local Civ. R. 7(J). For the reasons that follow, the Court denies Defendant's Partial Motion to Dismiss.

## BACKGROUND

According to the Complaint, Yeattes Brothers owns commercial property located at 130 Courtland Road, Emporia, Virginia ("the Property"). (Compl. ¶ 4, ECF No. 1-2.) Yeattes Brothers leases portions of the Property, including buildings, to several individuals and businesses. (*Id.* ¶ 5.) By Yeattes Brothers' consent, Old Dominion uses a portion of the Property to store motor vehicles. (*Id.* ¶¶ 5, 7–8.) Defendant operates a concrete production plant adjacent to the Property. (*Id.* ¶ 6.)

Plaintiffs allege that beginning on or about June 9, 2016, and lasting for several days, Defendant's employees spray painted a mixing tower at the plant, despite strong winds blowing paint in the direction of and onto the Property. (*Id.* ¶ 10–11.) The spray paint overspray, according to Plaintiffs, irreparably damaged motor vehicles, as well as stained roofs, windows, and exterior surfaces of the Property. (*Id.* ¶ 12–13.) Furthermore, Defendant's employees allegedly continued spray painting even after Plaintiffs put Defendant on notice of the damage on June 9, 2016. (*Id.* ¶ 12.)

Separate from the spray painting incident, Plaintiffs further allege that since the summer of 2016, and continuing until at least the filing of the Complaint, Defendant has caused and allowed "slurry runoff from its concrete production facility to flow through an artificially created ditch or channel . . . in concentrated form, onto the Property and into the sediment control pond located thereon." (*Id.* ¶ 16.) Plaintiffs allege this runoff "substantially and materially impairs the value and/or use of the Property." (*Id.* ¶ 17.)

2

On June 5, 2018, Plaintiffs filed their Complaint against Defendant in the Circuit Court of Greensville County, Virginia. (Compl. 1.) The Complaint lists four Counts. (*Id.* ¶¶ 18–49.) Plaintiffs jointly allege nuisance (Count One), trespass (Count Two), and negligence (Count Three), each pled in the alternative. (*Id.* ¶¶ 18–37.) Counts One, Two, and Three stem from the alleged damage caused by Defendant's spray painting activities and invasive runoff. For each of these Counts, Plaintiffs seek compensatory damages and further contend that Defendant's conduct merits punitive damages. (*Id.*) Plaintiffs also seek injunctive relief. (*Id.*) Under Count Four, Yeattes Brothers alleges that Defendant's excessive use of groundwater constitutes an interference with its riparian rights. (*Id.* ¶¶ 37–49.) Yeattes Brothers therefore seeks compensatory, punitive, and injunctive relief for Count Four. (*Id.*)

On August 30, 2018, Defendant filed its Answer (ECF No. 1-3) in state court. (Notice of Removal ¶ 5, ECF No. 1.) On September 11, 2018, Defendant removed the action to the United States District Court for the Eastern District of Virginia and filed this Partial Motion to Dismiss.

## STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon

3

which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* In considering such a motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater & Son, Inc. v. Donald P. & Patricia Brennan LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citation omitted). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ANALYSIS

Defendant challenges the Complaint on four separate bases. First, Defendant argues that Plaintiffs fail to allege sufficient facts to support an award of punitive damages on any count. (Def.'s Mem. in Supp. 3, ECF No. 4.) Second, Defendant argues that Plaintiffs' nuisance claim should be dismissed in light of their negligence claim. (*Id.* at 5.) Third, Defendant argues that Plaintiffs fail to allege a valid trespass claim. (*Id.* at 6.) Finally, Defendant argues that Plaintiffs are not entitled to injunctive relief as a matter of law because Plaintiffs are not subject to irreparable harm. (*Id.* at 7.) The Court will consider each argument in turn.

First, Defendant argues that the Court should dismiss Plaintiffs' claims for punitive damages because these claims lack any factual foundation in the Complaint. (*Id.*

4

at 3–5.) Under Virginia law, punitive damages "may be recovered only when there is misconduct or actual malice, or such recklessness or negligence as to evince a conscious disregard of another." *Simbeck, Inc. v. Dodd Sisk Whitlock Corp.*, 508 S.E.2d 601, 604 (Va. 1999). Awarding punitive damages is disfavored in Virginia due to their penal nature. *Id.* Accordingly, as Defendant correctly argues, Virginia law requires that Plaintiffs meet a demanding standard to justify an award of punitive damages. However, when considering a challenge under Federal Rule of Civil Procedure 12(b)(6), the Court is concerned with the facial sufficiency of claims, not their merits.

Here, Plaintiffs have stated plausible claims for punitive damages. Notably, Plaintiffs allege that they placed Defendant on notice of the damage it was causing on the Property as a result of overspray from its painting activities. (Compl. ¶ 12.) Allegedly, despite the notice, Defendant's activities continued thereby causing further damage. (*Id.*) Such allegations represent a plausible claim that Defendant acted with the requisite intent to warrant punitive damages under Virginia law. *See PGI, Inc. v. Rathe Productions, Inc.*, 576 S.E.2d 438, 444 (Va. 2003) ("'Willful or wanton conduct imports knowledge and consciousness that injury will result from the act done.'") (quoting *Baker v. Marcus*, 114 S.E.2d 617, 620–21 (Va. 1960)).

Similarly, with respect to Yeattes Brothers' allegations of Defendant's overuse of groundwater under Count Four, the Court finds Plaintiffs' factual allegations sufficient at this stage of the proceedings to allow the claim for punitive damages to survive. Accordingly, Defendant's argument with respect to Plaintiffs' claims for punitive damages fails.

Second, Defendant argues that the Court should dismiss Plaintiffs' nuisance claim (Count I) as a result of shared underlying facts that also give rise to their alternatively pled negligence claim (Count III). To support its position, Defendant relies on the Supreme Court of Virginia's reasoning in *Philip Morris, Inc. v. Emerson*, 368 S.E.2d 268 (Va. 1988). *Philip Morris* involved a private campground that was forced to close temporarily as a result of a toxic gas released from a nearby laboratory. *Id.* at 282. The closure was ultimately precautionary, as there was no evidence gas entered the campground. *Id.* Due to the absence of physical harm that is required for negligent interference with a contract, the campground sought recovery under an alternative nuisance theory. *Id.* In reversing a judgment in favor of the campground, the Supreme Court of Virginia rejected this theory because the campground attempted to re-characterize its claim for negligent conduct as a nuisance. *Id.* at 282–83.

Importantly, the facts in *Philip Morris*, specifically, the lack of evidence that gas entered the campground, drove the plaintiff toward alternative theories of recovery. *Id.* at 282. Nuisance was one of multiple theories offered, and, as the Supreme Court of Virginia noted, "[i]n all the cases [the campground] cite[ed], the smoke, odors, and water entered the premises of the plaintiff; no such thing happened in [*Philip Morris*]." *Id.* Due to the context surrounding the campground's nuisance claim, the Supreme Court of Virginia concluded that in that instance it would "look to the object of the action, rather than its form, to determine the extent of liability of the defendants." *Id.* Accordingly, the court focused on the negligent conduct at the heart of the matter and rejected the campground's nuisance theory. *Id.* at 282–83.

6

This Court construes the Supreme Court of Virginia's determination in *Philip Morris* narrowly, and, therefore, Defendant's reliance on *Philip Morris* is misplaced. A similar argument with respect to a nuisance claim arose in *Andrews v. Newman*, Nos. 3:07CV00060, 3:07CV00050, 3:07CV00049, 2008 WL 2169681 (W.D. Va. 2008). In *Andrews*, the plaintiffs pled identical counts of negligence and nuisance, among other claims. *Andrews*, 2008 WL 2169681, at *1. The underlying facts involved contamination of plaintiffs' groundwater following a spill from an overturned gasoline tanker truck on a nearby highway. *Id.* In narrowly construing *Philip Morris* and allowing the nuisance claim to survive a 12(b)(6) challenge, the federal district court observed that "*Philip Morris* and the case on which it relied . . . dealt with situations where the plaintiff's nuisance theory was no more than an attempted 'end run' around a bar to recovery under negligence." *Andrews*, 2008 WL 2169681, at *2. This Court agrees.

The instant case is distinguishable from *Philip Morris*. Plaintiffs seek recovery for multiple injuries detailed in the Complaint. Plaintiffs seek recovery, first, as a result of alleged overspray from Defendant's painting activities and, second, for the effects of "slurry runoff" allegedly entering the Property from Defendant's property. (Compl. ¶¶ 13–17, 19.) Defendants have offered no argument that Plaintiffs are barred from pursuing a negligence claim based upon the facts alleged. Unlike in *Philip Morris*, Plaintiffs have made no attempt to bypass the failure of a negligence claim by recharacterizing it under another theory of recovery. Further, Plaintiffs allege that runoff from Defendant's activities on its property has invaded the Property since 2016,

7

continuing up until at least the filing of the case. (Id. ¶ 16.) Whereas no evidence showed that gas entered the campground in *Philip Morris*, the facts, as alleged in this case, involve the continuous entrance of runoff onto Yeattes Brothers' Property. Thus, Plaintiffs' nuisance claim is distinguishable from that which was rejected in *Philip Morris*, and, accordingly, survives Defendant's challenge.

Third, Defendant seeks dismissal of Plaintiffs' trespass claim (Count II). (Def.'s Mem. in Supp. 6.) According to Defendant, Plaintiff Old Dominion has failed to plead a valid trespass claim because it has not shown that it has any possessory interest in the Property, or that it has any other relevant property interest that would give rise to a trespass by Defendant. (*Id.*) Defendant further alleges that a trespass claim by Plaintiff Yeattes Brothers also fails because it has not pled "facts sufficient to demonstrate how any alleged paint overspray or runoff directly invades [Plaintiff Yeattes Brothers'] possessory right to the Property described." (*Id.*)

Under Virginia common law, trespass is an unauthorized invasion of one's interest in personal property or an entry on another's land without lawful authority, "which results in interference with the property owner's possessory interest therein." *Cooper v. Horn*, 448 S.E.2d 403, 406 (Va. 1994) (internal quotations omitted); *see also Blackford v. Rogers*, 23 S.E. 896 (Va. 1896). In causes of action for trespass to land, the plaintiff must have had possession of the land, either actual or constructive, at the time the trespass was committed. *Blackford*, 23 S.E. at 897. "Any physical entry upon the surface of the land constitutes such an invasion, whether the entry is 'a walking upon it, flooding it with water, casting objects upon it, or otherwise.'" *Cooper*, 448 S.E.2d at 406 (quoting

8

W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 13, at 70 (5th ed. 1984)).

The Complaint provides that Plaintiff Yeattes Brothers owns the Property and "leases portions of the Property, and the buildings thereon, to several individuals and businesses, one of which operates a salvage yard." (Compl. ¶¶ 4–5.) The factual allegations describe alleged damage to the exterior of buildings on the Property resulting from Defendant's paint overspray. (*Id.* ¶ 13.) Further, Defendant has allegedly interfered with Plaintiff Yeattes Brothers' exclusive possession of its Property as a result of runoff entering the Property. (*Id.* ¶ 16.) Accordingly, as alleged, a plausible claim for trespass to land exists on the part of Plaintiff Yeattes Brothers.

Virginia common law also recognizes a cause of action for trespass to chattels. *See America Online, Inc. v. LCGM Inc.*, 46 F.Supp.2d 444, 451 (E.D. Va. 1998) (citing *Vines v. Branch*, 418 S.E.2d 890, 894 (Va. 1992)). A trespass to chattels occurs when the defendant "intentionally uses or intermeddles with personal property in rightful possession of another without authorization." *Id.* Trespasser liability arises "if the chattel is impaired as to its condition, quality, or value." *Id.* The Complaint alleges overspray paint damages by Defendant to Old Dominion's vehicles stored on the Property with Plaintiff Yeattes Brothers' permission. (Compl. ¶¶ 14–15.) Accordingly, Old Dominion's trespass claim is plausible as well. Therefore, Defendant's arguments with respect to Plaintiffs' trespass claim fail.

Finally, Defendant alleges Plaintiffs are not entitled to injunctive relief as a matter of law because Plaintiffs have not asserted any facts showing that Plaintiffs are subject to

irreparable harm by Defendant's actions. (Def's Mem. in Supp. 7.) The Supreme Court of Virginia has clearly articulated that "unless a party is entitled to an injunction pursuant to a statute, a party must establish the 'traditional prerequisites, i.e., irreparable harm and lack of an adequate remedy at law' before a request for injunctive relief will be sustained. *Levisa Coal Co. v. Consolidation Coal Co.*, 662 S.E.2d 44, 53 (Va. 2008) (citing *Virginia Beach S.P.C.A., Inc. v. South Hampton Rds. Veterinary Ass'n*, 329 S.E.2d 10, 13 (Va. 1985)).

As outlined above, Plaintiffs' Complaint alleges ongoing runoff entering the Property from Defendant's property. (Compl. ¶ 16.) Further, Yeattes Brothers alleges ongoing excessive use of groundwater by Defendant that interferes with its riparian rights. (*Id.* ¶¶ 38–49.) These represent factual allegations that plausibly necessitate injunctive relief. Thus, Defendant's argument with respect to Plaintiffs' request for injunctive relief fails.

For the aforementioned reasons, Defendant's Partial Motion to Dismiss is denied. An appropriate Order will accompany this Memorandum Opinion.

It is so Ordered.

/s/
Henry E. Hudson
Senior United States District Judge

Date: **Nov. 20, 2018**
Richmond,